(No. 851—Claimant awarded $1,800.00.)

JAMES G. BROADHURST, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 1, 1925.*

GOVERNMENTAL FUNCTION—*when State not liable.* The State in conducting the Illinois State Prisons exercises a governmental function, and is not liable for injuries sustained by its employees therein while in the performance of their duty.

EQUITY AND GOOD CONSCIENCE—*award may be made.* The court may award compensation to an injured employee of the State, as a matter of equity and good conscience.

JOHN L. WALKER, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

This claimant was employed as a guard at the Illinois New State's Prison on the 10th of November, 1924. About ten

o'clock of that day he was in the yard of said institution performing his usual ordered and customary duties having charge of inmates who were doing construction work; that an inmate by the name of Robert Johnson beat and assaulted the plaintiff on the head causing dangerous and painful injury. It appears to the court that the plaintiff was injured through this assault receiving a laceration over the top of the head about four inches long and another laceration on the side of the head three inches long and that his back was wrenched and bruised; that by the result of such injuries the claimant was disabled for a considerable period and that he will have a scar on the top of his head and that his face will be marred and scarred for life and that he has a ringing in his head, is dizzy and unable to properly perform his usual and customary duties.

As it has been held by this court on many prior cases, there is no legal liability against the State of Illinois but as a matter of equity and good conscience it is considered that employes of the State engaged in these hazardous occupations should receive at least the same consideration in case of injury as if they were employed by a private corporation or individual.

Therefore it is considered by the court that the claimant be allowed the sum of $1,800.00.